**Gabriel SANTOS, Petitioner,**

v.

**Walter KELLY, Superintendent, Attica Correctional Facility, and the Attorney General of the State of New York, Respondents.**

**No. 89 C 3048.**

United States District Court, E.D. New York.

June 19, 1990.

Gabriel Santos, pro se.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554.

On June 24, 1987, petitioner pled guilty in County Court of Suffolk County to one count of aggravated assault on a police officer, New York Penal Law § 120.11, and was sentenced on July 27, 1987 to eight and one-third years to twenty-five years imprisonment, and a mandatory surcharge of $100.00.

The County Court denied petitioner's motion of April 21, 1988 to vacate his sentence on the grounds he had been promised a more lenient sentence and that he was not permitted to make a statement at his sentencing. On appeal petitioner sought a sentence reduction claiming the sentence imposed was "harsh and severe" and that the imposition of a mandatory surcharge violated his constitutional rights. The Appellate Division, Second Department, affirmed petitioner's sentence on April 17, 1989. The Court of Appeals denied leave to appeal on June 29, 1989.

Petitioner raises three claims, namely, that his sentence was disproportionate to his crime; that the mandatory surcharge constitutes cruel and unusual punishment; and that his plea bargain was not honored by the court. He also claims the court must conduct an evidentiary hearing prior to resolving these claims.

Petitioner's claim that his sentence was harsh was not presented in federal terms, a prerequisite for obtaining federal habeas corpus relief. 28 U.S.C. § 2254(a). A petitioner has not exhausted state court remedies unless his claim was presented to the state courts in some manner that would alert them to its constitutional nature. *See Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982).

Petitioner's brief on appeal was directed solely to the state court's discretion to review a sentence in the interests of justice and mercy, not towards argument that the term imposed was "cruel and unusual punishment" under the Eighth Amendment to the United States Constitution.

The court may not entertain a petition for habeas corpus until the applicant has exhausted available state remedies with respect to all claims the petition presents. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Accordingly, the petition is dismissed. Petitioner may choose to file a new petition raising only his exhausted claims, or to proceed to exhaust his state court remedies with respect to his other claim.

So ordered.